MIDLAND BEAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55758. Filed February 29, 1956.

---

*Wm. A. McDonald, C. P. A.*, for the petitioner.
*William H. Welch, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* The Commissioner determined a deficiency of $436.32 in income and excess profits taxes for the fiscal year ended November 30, 1953.

All of the facts have been stipulated and they are herein incorporated by this reference.

Petitioner is a Colorado corporation with its principal place of business in Colorado Springs, Colorado. Its income and excess profits tax return for the fiscal year ended November 30, 1953, was filed with the district director of internal revenue at Denver, Colorado. In the return the petitioner reported a normal tax net income of $26,005.11, and an excess profits net income of $25,216.95. Since the sum of the excess profits credit, computed either under the average base period net income method, section 435 of the 1939 Internal Revenue Code, or under the invested capital method, section 436, and the unused excess profits credit was less than $25,000, the petitioner was allowed to use the minimum excess profits credit of $25,000, under section 431. This minimum credit was deducted from the excess profits net income of $25,216.95, resulting in an adjusted excess profits net income of $216.95. The respondent, on the other hand, claimed that the petitioner's excess profits net income for the fiscal year ended November 30, 1953, was $26,671.37, an increase of $1,454.42 over the figure shown on the petitioner's return. This amount of $1,454.42 represents an adjustment under section 433 of the 1939 Internal Revenue Code for interest on borrowed capital. The only issue is whether or not it is necessary to make the adjustment under section 433 [1] for the interest

---

[1] SEC. 433. EXCESS PROFITS NET INCOME.

(a) TAXABLE YEARS ENDING AFTER JUNE 30, 1950.—The excess profits net income for any taxable year ending after June 30, 1950, shall be the normal-tax net income, as defined in section 13 (a) (2), for such year increased or decreased by the following adjustments:

   (1) ADJUSTMENTS.—

      \*       \*       \*       \*       \*       \*       \*

      (N) Interest—Credit Based Upon Invested Capital.—If the excess profits credit for the taxable year is computed under section 436 the deduction for interest shall be reduced by an amount equal to 75 per centum of so much of such interest as represents interest on the indebtedness included in the daily amounts of borrowed capital (determined under section 439 (b)).

      (O) Interest—Credit Based Upon Income.—If the excess profits credit for the taxable year is computed under section 435, the deduction for interest shall be reduced by an amount which bears the same ratio to the interest on the indebtedness included in the daily amounts of borrowed capital (determined under section 439 (b)) as the excess of the amount determined under section 435 (g) (3) (C) over the aggregate, divided by the number of days in the taxable year, of the amount determined under section 435 (g) (4) (E) for each day of the taxable year, bears to the average borrowed capital for the taxable year (as defined in section 439 (a)).

on borrowed capital in determining excess profits net income when the $25,000 minimum excess profits tax credit, provided for in section 431, is used in arriving at excess profits tax liability.

Section 433 defines "excess profits net income" as the normal-tax net income, defined in section 13 (a) (2), increased or decreased by certain adjustments. An adjustment for interest on borrowed capital is required by subsections 433 (a) (1) (N) and 433 (a) (1) (O); the latter subsection is used when the excess profits credit is computed under section 435 (average base period net income method), and the former subsection applies where the excess profits' credit is computed under section 436 (invested capital method). To compute "adjusted excess profits net income," section 431 provides that from the "excess profits net income" there should be subtracted the sum of the excess profits credit allowed under section 434, and any unused excess profits credits, but if "such sum is less than $25,000, it shall be increased to $25,000." Section 434 allows an excess profits credit computed either under the average base period net income method (section 435), or under the invested capital method (section 436), whichever amount results in the lesser tax.

The petitioner's argument for not making the adjustments to "excess profits net income" for interest on borrowed capital as provided in subsections 433 (a) (1) (N) and 433 (a) (1) (O) is that the adjustment is geared to the method selected by a taxpayer in computing the excess profits credit,[2] and that since the petitioner, by using the minimum credit, has in effect, failed to use either the average base period net income method or the invested capital method, no adjustment need be made.

We believe that the petitioner is mistaken in its interpretation of the sections in the Code involved here. Section 433 defines the *"excess profits net income."* This amount is defined as the normal-tax net income (section 13 (a) (2)) increased or decreased by certain adjustments, one of which is for interest on borrowed capital. We find nothing in the statute or in the regulations which makes the adjustment for interest on borrowed capital turn upon whether the taxpayer uses the excess profits credit actually computed by it in determining excess profits tax liability in a given year, or takes advantage of the minimum credit of $25,000. Subsection 433 (a) (1) (N) merely provides that the interest adjustment shall be calculated in a certain way if the excess profits credit for the taxable year is "computed" under section 436 (invested capital method), and subsection 433 (a) (1) (O) makes a provision for an interest adjustment in a different

---

[2] If the excess profits credit is computed under the average base period net income method (section 435), the adjustment is determined in one way, while if the credit is computed under the invested capital method (section 436), the adjustment is a different amount. See footnote 1.

amount if the excess profits credit for the taxable year is "computed" under section 435 (average earnings method).

It is necessary for a taxpayer to compute an excess profits credit, under either of the two alternatives, for a taxable year even though, in that particular year, the taxpayer uses the minimum credit. Such excess profits credit, though not used, has an effect on other excess profits tax years. Sec. 431. Under section 432 an "unused excess profits credit adjustment" is allowed to be carried back or over as a credit to other years, and this unused credit is not affected by the use of the minimum credit. Sec. 432 (c) (2). In the process of computing the amount of this unused credit, it is clear that the interest adjustments under subsections 433 (a) (1) (N) and 433 (a) (1) (O) must be made. Obviously, there is still need to compute the excess profits credit in a year when the taxpayer feels it is advantageous to make use of the minimum credit.

Another consideration that points away from the petitioner's interpretation of the statute is that if the adjustment for interest on borrowed capital were not made to compute "excess profits net income" in those years when the minimum credit was used, the effect would be to give the taxpayer a minimum credit which exceeded $25,000 by the amount of such interest adjustments. We do not believe that this result is in step with congressional intent. In its report on the Excess Profits Tax Bill of 1950, the Ways and Means Committee stated:

The bill provides for a minimum credit of $25,000. Any taxpayer which upon computing its excess profits tax credit under either the average earnings or invested capital method finds that its credit is less than $25,000 may raise its credit to this amount. * * * [H. Rept. No. 3142, 81st Cong., 2d Sess., 1951–1 C. B. 187, 189.]

To the same effect is the report of the Senate Finance Committee. S. Rept. No. 2679, 81st Cong., 2d Sess., 1951–1 C. B. 240, 243.

The petitioner appears to base its argument, in part, on the contention that the minimum credit is really a third type of credit, along with the excess profits credits based upon average earnings and invested capital. In using such minimum credit, it is contended, the petitioner did not use either the average earnings credit or the invested capital credit, and therefore the interest adjustment, being geared to one or the other of these two excess profits credits, need not be made. However, we do not believe that the minimum credit of $25,000 is technically a third type of credit. Section 431 provides that, in computing "adjusted excess profits net income," the sum of the excess profits credit and the unused excess profits credit is to be subtracted from the excess profits net income, but if that sum is less than $25,000, it shall be *"increased"* to $25,000. See also S. Rept.

No. 2679, 81st Cong., 2d Sess., 1951–1 C. B. 240, 243.   It is evident that a taxpayer must first compute an excess profits credit under either section 435 or section 436, and only then, if this credit, added to the unused excess profits credit, is less than $25,000, the sum is increased to the desired minimum.   We do not regard the minimum credit under section 431 as a substitute credit nor do the statute and législative history bear out such an interpretation.

We hold that the petitioner must compute its "excess profits net income" for the fiscal year ended November 30, 1953, by making the adjustment for interest on borrowed capital as provided by section 431 of the Internal Revenue Code of 1939.

*Decision will be entered under Rule 50.*